IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| VS. : | CRIMINAL NO. 21-271 |
| : | |
| DAWN BANCROFT : | |

**DEFENSE RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM**

NOW COMES the Defendant, Dawn Bancroft, by and through her attorney, Carina Laguzzi, and submits this response to the government's sentencing memorandum.

**I. THE GOVERNMENT'S SENTENCING MEMORANDUM WAS UNTIMELY FILED AND SHOULD NOT BE CONSIDERED BY THE COURT IN IMPOSING SENTENCE**

Sentencing in this case is scheduled for July 20, 2022. Late in the day, on July 18th, and only after a Court Order (see Docket Doc. No. X) the government filed a 34 page sentencing memorandum in this case. To do so, before sentencing severely prejudices the Defendant to file a timely response. A response is necessary due to the number of false averments made, as well as misstated caselaw.

**II. THE GOVERNMENT'S SENTENCING MEMORANDUM IS FULL OF FALSE STATEMENTS AND INCONSISTENCIES**

A. False Statements

On Page 14, the government alleges Ms. Bancroft "…arrived at he Capitol at a later time than many others, but in so doing, she would have seen a greater degree of

violence and signs of conflict." See Doc. No. 55. There is absolutely no evidence of these statements and to make this averment is prejudicial to the defendant and untrue.

On Page 16, the government states that the defendant "as shown defiance in complying with Court orders" because she did not want to submit to a financial statement to U.S. Probation. Undersigned counsel was informed that the defendant did not have to submit to a financial statement as long as she was willing to pay the maximum fine should the Court impose it. There is no case law or authority the government cites to show this was defiance. To protect her piracy in the light of the nature of this case hardly shows the defendant is defiant especially when told by Probation the form as not required.

B.  **Inconsistent Statements**

On Page 14 the government writes that "[t]he absence of violence of destructive acts on the part of the defendant is therefore not a mitigation factor in misdemeanor cases." Id. However, on Page 13, the government lists factors the Court should consider in imposing sentence as "individual conduct" Numbers 2 and 3 are exactly that: whether the defendant encouraged violence and whether the defendant encourage property damage. Id.

On Page 14, the government writes "Bancroft encourage violence." Id. This is patently untrue. As explained in the past, her exclamation was made in a private video that was not published, and shared with someone NOT present on January 6th. The video was not meant for public viewing. The government then goes on to write on Page 15, "[t]he government has no evidence to show Bancroft entered the Capitol with the intent of finding the house Speaker and shooting her." Id.

**III.    THE GOVERNMENT HAS MADE MISLEADING STATEMENTS AS TO THIS COURT'S AUTHORITY TO IMPOSED A SPLIT SENTENCE OF A TERM OF INCARCERATION TO BE FOLLOWED BY A TERM OF PROBATION IN THIS CASE[1]**

The government's sentence recommendation of 60 days' incarceration followed by 3 years probation would constitute an illegal sentence. In support of same, undersigned counsel incorporates by reference the Brief of Amicus Curiae of the Federal Public Defender, United States v. Caplinger, 21-cr-342, Doc. No. 53. See attached as Exhibit 1. Bancroft also incorporates by reference the arguments made to this Court in the Defense Response to Government's Notice of Supplemental Authority, United States v. Dominick Madden, Crim. No. 21-55. See attached as Exhibit 2.

For the reasons discussed above and the arguments incorporated by reference, Ms. Bancroft requests the Court reject the government's recommendation and impose a sentence of probation.

Respectfully submitted,

/s/ Carina Laguzzi
CARINA LAGUZZI, ESQUIRE
Attorney for Defendant Bancroft

DATED: 07/19/2022

---

[1] This Court has faced this very issue in the case of United States v Dominick Madden, Criminal No. 21-55, which remains on appeal.

## CERTIFICATE OF SERVICE

I, CARINA LAGUZZI, ESQUIRE, certify that on this <u>19th</u> day of July, 2022, I have served a copy of the attached Defense Response to Government's Sentencing Memorandum via electronic filing thus making it available for download and printing upon the following parties:

| | |
|---|---|
| Sean Murphy, Esquire | The Honorable Emmet G. Sullivan |
| Assistant United States Attorney | District Court Judge |
| Torre Chardon, Suite 1201 | 333 Constitution Avenue NW |
| 350 Carlos Chardon Street | Room 1225 |
| San Juan, PR 00918 | Washington D.C. 20001 |

*/s/ Carina Laguzzi*
CARINA LAGUZZI, ESQUIRE
Attorney for Defendant