UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No.   21-cr-55 (EGS) |
| DOMINICK MADDEN | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT, DOMINICK MADDEN'S, RESPONSE TO GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Dominick Madden, through undersigned counsel, submits this supplement in response to the government's notice of supplemental authority filed on March 16, 2022, as well as in response to the Court's Minute Order on March 17, 2022.

**PROCEDURAL HISTORY**

Mr. Madden submitted his sentencing memorandum requesting a sentence of probation on February 16, 2022. *See* ECF No. 30. The government submitted its sentencing memorandum on February 24, 2022, requesting 60 days' incarceration followed by 36 months' probation. *See* ECF No. 31. Mr. Madden then submitted a reply to the government's sentencing memorandum arguing that the government's recommendation would constitute an illegal sentence. *See* ECF No. 33 at 7–10 & Ex. 1 (citing and attaching Brief of Amicus Curiae Federal Public Defender, *United States v. Caplinger*, 21-cr-342 (PLF), ECF No. 53).

The day before the originally scheduled sentencing date, the government filed a notice of supplemental authority of the district court's Memorandum Opinion in *United States v. Little*, 21-CR-315 (RCL), ECF No. 43, as support for the

1

government's erroneous position that a split sentence is authorized by law.  *See* ECF No. 34.  The defendant in *Little* has appealed the court's decision.  *United States v. Little*, No. 22-3018 (D.C. Cir. Mar. 24, 2022).

A government appeal on the same issue was also pending in another case, but the government has now moved to dismiss its appeal.  In *United States v. Spencer*, No. 21-cr-147 (CKK), ECF No. 70, another member of the court held that the imposition of a split sentence for one single petty offense is not permitted by statute.  The government's appeal was docketed on February 18, 2022, and the court ordered an expedited briefing schedule.  *United States v. Spencer*, No. 22-3010, Order (D.C. Cir. Feb. 18, 2022).  On March 25, 2022, the government moved to dismiss the appeal.  *Id.*, MTD Appeal (D.C. Cir. Mar. 25, 2022).  It is unclear why the government would decline prompt appellate review of this important issue affecting many cases if it is confident in its legal position.[1]

On March 17, 2022, the Court issued a minute order continuing sentencing and directing the defense to file a response to the government's notice of

---

[1] Most judges in this district confronted with the government's request for a split sentence for one single petty offense conviction have declined to impose such a sentence.  *See United States v. Spencer*, 21-CR-147 (CKK) (amending sentence after briefing provided), ECF No. 70; *United States v. Torrens*, No. 21-cr-204 (BAH), ECF No. 110 & 125); *United States v. Kari Kelley*, 21-CR-201 (DLF) (At sentencing on March 17, 2022, Judge Friedrich rejected the government's contention that a split sentence could be imposed even after being provided notice of the *Little* decision); *United States v. Jacob Wiedrich*, 21-CR-581 (TFH) (Judge Hogan also rejecting government's proposal for split sentence); *United States v. Vic Williams*, 21-CR-388 (RC) (court did not impose split sentence despite government's recommendation of split sentence); *United States v. Zachary Wilson*, 21-CR-578 (APM) (same); *United States v. Traci Sunstrum*, 21-CR-652 (CRC) (same); *United States v. Michael Carico*, 21-CR-696 (TJK) (same); *United States v. Tanner Sells*, 21-CR-549 (ABJ) (same).

supplemental authority as well as its argument on the split sentence issue outlined in its sentencing memorandum. For the reasons stated below, the *Little* decision is incorrect. The Court is not statutorily authorized to impose both a term of imprisonment and a term of probation for one single petty offense conviction.

## ARGUMENT

The court's outcome-oriented decision in *Little* was driven not by the applicable statutory provisions, but instead by its opinion that "[o]nly a split sentence would adequately serve the goals of sentencing described in 18 U.S.C. § 3553." *Little* Op. at 4–5. But the Court does not have the authority to set the outer bounds of criminal punishment: "the scope of judicial discretion with respect to a sentence is subject to congressional control." *Mistretta v. United States*, 488 U.S. 361, 364 (1989); *United States v. Wiltberger*, 18 U.S. (5 Wheat.) 76 (1820); *Ex parte United States*, 242 U.S. 27 (1916). For the reasons below, this Court should reject *Little*'s faulty interpretation of § 3561(a)(3).

**I.   Section 3561(a) Is Not A "Grant of Authority" – It Is A Limiting Provision.**

The court's opinion in *Little* is premised on its incorrect view of § 3561 as "a grant of authority," with an exception (subsection (a)(3)) and an exception-to-the-exception (the petty-offense clause in subsection (a)(3)). *Little* Op. at 7–8. But, § 3561(a) does not "largely reiterate[] the same rule found in § 3551," *id.* at 7, or expand the authority granted in § 3551 (which provision is entitled "Authorized sentences"). Instead, as a whole, § 3561(a) further *limits* the use of probation. It *prohibits* probation in three circumstances: probation is not permitted (1) if "the

3

offense is a Class A or Class B felony and the defendant is an individual," (2) if the offense of conviction is one for which the Code expressly excludes probation, or (3) if "the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense."  The first two of three subsections plainly circumscribe a court's authority to impose a term of probation.  Thus, the court's characterization of § 3563(a)(3) as "a grant of authority" "largely reiterat[ing]" § 3551(b)'s general grant of authority is simply inaccurate.  Section 3561 sets applicable *prohibitions* on probation; it does not, as the government and *Little* suggest, expand the use of probation to create the possibility of a "split sentence" for any and all petty offenses.

**II.     *Little*'s Interpretation of § 3563(a)(3) Is Grammatically Incorrect, Divorced From Context, and Disregards § 3551(b).**

According to *Little*, "'same' functions as an adjective," not a pronoun, and thus the "petty-offense clause" (i.e., "that is not a petty offense") extends to both "the same" and "a different offense."  *Little* Op. at 8–10.  *Little* reasoned that the "[t]he phrase . . . lacks obvious indicators that 'same' is functioning as a pronoun or that the backward reach of the petty-offense clause should be limited to only 'a different offense.'"  *Id*. at 9.

*Little* does not acknowledge or address the most "obvious indicator[] that 'same' is functioning as a pronoun":  grammatically, the use of the word "*that*" instead of "*which*" is both obvious and significant.  "*That*" denotes a restrictive relative clause, rather than a nonrestrictive relative clause (signaled by "a comma plus *which*").  Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation*

*of Legal Texts* 142 & n.7 (2012).[2]  Accordingly, "*that*" restricts "is not a petty offense" to "a different offense" such that the phrase "that is not a petty offense" modifies solely "a different offense"; it does not modify "the same."

Legislators "are presumed to be grammatical in their compositions" and "[g]rammatical usage is one of the means . . . by which the sense of a statute is conveyed[.]"  *Id.* at 140–41.  Had the drafters meant for "is not a petty offense" to apply to both "the same" and "a different offense," the proper wording of subsection (a)(3) would have been: "the same or a different offense, *which* is not a petty offense."  The drafters instead properly used "that" as a defining relative pronoun.  *Id.* at 143.

The use of the disjunctive "or" in the statute ("the same *or* a different offense") "is also instructive" and indicates that the later modifying clause does *not* carry over to the term that precedes the disjunctive.  *United States v. Nishiie*, 996 F.3d 1013, 1023 (9th Cir. 2021) ("As a general rule, the use of a disjunctive in a statute indicates alternatives and requires that they be treated separately.") (quoting *Azure v. Morton*, 514 F.2d 897, 900 (9th Cir. 1975)).

*Little*'s reliance on a "lack[] [of] 'unexpected internal modifiers or structure'" and "[n]o comma separat[ing] the phrases 'the same' and 'or a different offense'" (*Little* Op. at 9) is unpersuasive.  Section 3563(a)(3) "does not contain items that readers are used to seeing listed together or a concluding modifier that readers are

---

[2] For example, compare "Republicans oppose new taxes that are unnecessary. (Restrictive meaning: only unnecessary new taxes are anathema.)," with "Republicans oppose new taxes, which are unnecessary. (Nonrestrictive meaning: all new taxes are anathema.)." *Id.* (emphasis added).  In subsection (a)(3), "that" provides a restrictive meaning.

accustomed to applying to each of them." *Lockhart v. United States*, 577 U.S. 347, 352 (2016). Readers are not accustomed to seeing "the same or a different offense" together because it is entirely redundant: "the same or a different offense" is simply "an offense" or "any offense."

Indeed, *Little*'s interpretation renders "the same or a different" in § 3561(a)(3) meaningless: to permit split sentences for any and all petty offenses, the drafters would have and could have said succinctly "*any* offense that is not a petty offense" as opposed to "*the same or a different* offense that is not a petty offense." The lack of a comma similarly cuts against *Little*'s interpretation and supports Mr. Madden's position that the petty-offense modifying clause is restricted to "a different offense." *See supra* note 2.

*Little* disregarded that "'different offense' is set off by the word 'a'" as "grammatically necessary" but not indicative of a separation between "the same" and "a different." *Little* Op. at 9. The court failed to recognize that the word "a" can and does play both roles: while grammatically necessary, the insertion of the determiner "a" before "different offense" also cuts off the modifying phrase "that is not a petty offense" so that it does not reach backward to "the same."

The court also improperly rejected (*Little* Op. at 9–10) the "timeworn textual canon" of the "rule of the last antecedent." *Lockhart*, 577 U.S. at 351. Here, as in *Lockhart*, "the interpretation urged by the rule of the last antecedent is not overcome by other indicia of meaning. To the contrary § [3561(a)(3)]'s context fortifies the meaning that principle commands." *Id*. at 352. *See* FPD Br., ECF No.

6

33-1 at 8–9 (discussing application of rule of the last antecedent to § 3563(a)(3)). Reading the phrase "that is not a petty offense" to modify only "a different offense" is the grammatically correct reading of § 3561(a)(3), as well as the only reading that is consistent with the purpose of § 3561(a) and the entire sentencing scheme as a whole. *See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988); Scalia & Garner at 167 ("Perhaps no interpretive fault is more common than the failure to follow the whole-text canon, which calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation of its many parts.").

Citing *Paroline v. United States*, 572 U.S. 434, 447 (2014), *Little* ultimately appears to resort to the "so-called series-qualifier canon," *Yellen v. Confederated Tribes of Chehalis Rsrv.*, 141 S. Ct. 2434, 2448 (2021), to conclude that "the reach of the petty-of clause extends all the way to 'the same or a different offense,'" *Little* Op. at 12. As Mr. Madden's prior pleading explained (FPD Br., ECF No. 33-1 at 8 & n.4), "the series-qualifier canon gives way when it would yield a 'contextually implausible outcome.'" *Yellen*, 141 S. Ct. at 2448 (citation omitted) (rejecting D.C. Circuit's application of the series-qualifier canon and reversing *Confederated Tribes of the Chehalis Rsrv. v. Mnuchin*, 976 F.3d 15, 22–23 (D.C. Cir. 2020)). In addition, the court in *Paroline* was interpreting a statute with six enumerated subprovisions, the last of which was a "catcall clause." *Id*. The court held that the "catchall" clause "is most naturally understood as a summary of the type of losses covered" in

7

the prior five subprovisions. *Id.* Section 3561(a)(3) is not at all similar. *Paroline* thus provides no support for *Little*'s holding.

For "context," *Little* effectively looked solely at "the [petty-offense] phrase itself" in isolation. *Little* Op. at 9. While the court purported to look at the introductory language and each subsection of § 3561, *id.* at 9–10, the court failed to acknowledge that § 3561(b) operates on the whole as a limiting provision. The court also effectively ignored § 3551(b). The court did not consider § 3551(b) to be part of the context in which § 3561(a)(3) must be interpreted and, instead, wrote it off as a provision that "ordinarily" but does not always apply. *Id.* at 7.

The plain text of § 3551(b), entitled "Authorized sentences," authorizes only imprisonment "*or*" probation, not both. Section 3551(b) lists in the disjunctive three different types of sentences—a term of probation, a fine, and a term of imprisonment—and then provides that "a sentence to pay a fine may be imposed in addition to any other sentence." The fact that the statute specifies that only one type of sentence—a sentence to pay a fine—can be imposed in addition to a sentence of probation or a sentence of imprisonment underscores that the other two types of sentences—probation and imprisonment—are mutually exclusive. The statute thus provides a court with the clear dichotomous choice between imposing a sentence of a term of imprisonment and imposing a sentence of a term of probation for "an offense," *i.e.*, any one single count of conviction.

*Little* also ignored the conflict between §§ 3561(a)(3) and 3551(b) that its interpretation creates, which even the government concedes exists under that

interpretation. *See United States v. Jeremiah Caplinger*, No. 21-cr-342 (PLF), Gov't Resp. to Suppl. Brs. at 4, ECF No. 56 (D.D.C. Mar. 9, 2022) (acknowledging "conflict between those provisions" but arguing conflict "is readily reconciled"). "There can be no justification for needlessly rendering provisions in conflict if they can be interpreted harmoniously." Scalia & Garner at 180 ("The provisions of a text should be interpreted in a way that renders them compatible, not contradictory."). Under the correct interpretation of § 3561(a)(3), discussed above, there is no conflict. *See also* FPD Br., ECF No. 33-1 at 9–12.

### III. *Little*'s Interpretation of § 3563(a)(3) Makes No Sense in Context; The Correct Reading Does.

Under the plain text and grammatically correct reading of subsection (a)(3), a term of probation for an offense is not permitted if the defendant is sentenced in the same sentencing proceeding to a term of imprisonment for the same offense conviction, but a term of probation is permitted if the defendant is sentenced at the same sentencing proceeding to a term of imprisonment for a *separate* conviction that is a petty offense. Contrary to *Little*'s assertion, "there are [*particular*] circumstances in which Section 3561's narrow carveout for petty offenses would apply." *Little* Op. at 12–13, 15.[3] Specifically, when a defendant is sentenced for two separate offenses of conviction at the same time, one of the two offenses is a petty offense, and the court imposes imprisonment for that petty offense, then the court

---

[3] By contrast, as discussed above, *Little*'s interpretation renders the phrase "the same or a different" meaningless and does not "give[] fully meaning and effect to all the words in § 3561(a)." *Little* Op. at 13, 15.

9

can impose probation for the second offense.  In other words, befitting its status as a petty (*i.e.*, minor) offense, a court can impose imprisonment (a short term of 180 days or less) for a petty offense and impose probation (and no term of imprisonment) on a separate (petty or non-petty) offense of conviction.[4]  Where, as here, there is solely *one* petty offense conviction, a combined probationary and prison sentence is not statutorily authorized.

While the wording of the § 3561(a)(3) is perhaps inartful, when read correctly, the provision makes sense in the context of modern federal sentencing under the Sentencing Reform Act ("SRA").  The SRA eliminated "split sentences," abolished parole, and added the possibility of a term of supervised release imposed as part of a term of imprisonment.[5]  Probation and supervised release are separate and distinct forms of sentences.  Probation is an alternative to incarceration—imposed instead of and in lieu of a term of imprisonment.  By contrast, supervised release is part and parcel of a term of imprisonment.  Thus, the federal sentencing system was designed to prevent a defendant from being on probation and supervised release at the same time.  Because supervised release is not authorized

---

[4] By contrast, if the court imposes imprisonment for a non-petty offense, the court may not impose probation for the petty offense; the court must impose imprisonment for both offenses, and supervised release could follow for solely the non-petty offense.  Similarly, if the court imposes probation for a petty offense, the court may not impose imprisonment for a non-petty offense; the court must impose probation for both offenses.

[5] *See* U.S.S.G. § 5B1.1(b)(3) & comment. (backg'd) (2018) (identifying § 3561(a)(3) as the provision that "effectively abolished the use of 'split sentences' imposable pursuant to the former 18 U.S.C. § 3651," but noting that "the drafters of the Sentencing Reform Act noted that the functional equivalent of the split sentence could be 'achieved by a more direct and logically consistent route' by providing that a defendant serve a term of imprisonment followed by a period of supervised release") (citing S. Rep. No. 225, 98th Cong., 1st Sess. 89 (1983)).

for a petty offense, when a sentence of imprisonment is imposed for a single petty offense, it is served and then it is done; no court supervision may follow. Only then, in that situation, (where the defendant is sentenced to a *short* term of imprisonment and no supervision of any kind may follow) is it possible for the court to subsequently supervise the defendant on a term of (either) probation or supervised release for a separate offense of conviction without timing and sentence calculation issues. *Cf.* 18 U.S.C. § 3564(a) ("A term of probation commences on the day that the sentence of probation is imposed, unless otherwise ordered by the court.").

Because the supervised release provision, 18 U.S.C. § 3583(a), expressly prohibits supervised release after imprisonment for a petty offense, *Little* suggests that "Section 3561 provides an alternative way for the Court in petty-offense cases to engage in 'postconfinement monitoring' after the defendant is released from imprisonment." *Little* Op. at 14–15. But nowhere did Congress express a goal of having every offender, regardless of his offense of conviction, on post-confinement monitoring. In fact, the supervised release statute expressly indicates Congress's goal was the opposite—to prohibit post-confinement monitoring of petty offenders. If Congress wanted to provide some degree of supervision for a person sentenced to incarceration for one single petty offense, it could have and would have amended § 3583(b)(3) by simply removing "(other than a petty offense)" to make supervised release available for all misdemeanors. Such an amendment to § 3583(b)(3) would have ensured the possibility of supervision for petty offenders without reinstating the possibility of a "split sentence," a mechanism that Congress so clearly and

11

unambiguously abolished with the SRA.  The fact that Congress did not do so evinces its intent.

Permitting both up to six months of incarceration plus up to five years of probation for one single petty offense makes no sense.  A petty offense is, by nature, essentially the most minor type of charge brought in federal court.  Thus, the government's view, which allows the possibility of more punishment and a greater expenditure of resources for a petty offender than for a Class A misdemeanant, makes zero sense.[6]

The statute simply does not authorize a harsh increase in petty offense punishment.  If Congress had wanted to so drastically change the sentencing scheme for petty offenses, it would have done so in a far more explicit manner.  Probation as a sentence may be qualitatively less severe than imprisonment, but it still subjects offenders to "conditions that substantially restrict their liberty." *Gall v. United States*, 552 U.S. 38, 48 (2007).  It would be illogical to allow imprisonment and probation for the least serious offenses in the federal system.

## IV.   "Common Usage" Is Inapplicable and Inapposite.

---

[6] Under the government's view, a defendant who committed one single petty offense could be punished with 6 months of imprisonment followed by five years of court supervision ("probation"); whereas, a defendant who committed a Class A misdemeanor, if sentenced to any amount of imprisonment at all, could be sentenced only to one year or less of court supervision ("supervised release").  Statutes should be construed to avoid such absurd results.  *See, e.g.*, *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 68–70 (1994); *Public Citizen v. Dep't of Justice*, 491 U.S. 440, 453–455 (1989); *United States v. Turkette*, 452 U.S. 576, 580, (1981); *Holy Trinity Church v. United States*, 143 U.S. 457 (1892); *United States v. Kirby*, 74 U.S. 482 (1868).

Citing arbitrary civil and regulatory statutes and random "other legal texts," *Little* relied on what it deemed to be "Congress's common usage of the phrase 'the same or a different' in other statutes" to support its conclusion, claiming that Congress "consistently uses 'the same' as an adjective modifying the noun following it." *Little* Op. at 10–11. "Common usage" does not show "that 'same' is functioning as an adjective" in § 3561(a)(3). *Id.* at 11.

As a threshold matter, "common usage" of a word or phrase is generally used in place of and as opposed to "some hidden technical meaning." *Inner City Broad. Corp. v. Sanders*, 733 F.2d 154, 158 (D.C. Cir. 1984). The cases cited in *Little* discuss the common usage of the words "public" and "private." *Id.*; *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108–09 (1980). "Common usage" of the phrase "the same or a different" is inapposite here because no party endorses some alternative "hidden technical meaning" of that phrase. Common usage does not tell a reader anything about the operation of "that is not a petty offense" in the provision.

Moreover, none of the random statutes and "other legal texts" *Little* cites contain the phrase "the same or a different" followed by a modifying clause beginning with the word "that," as in § 3561(a)(3). *See* Little Op. at 10–11 (citing various civil procedural laws, rules, and treatises). Because all are distinguishable in that key way, none supports *Little*'s holding. *Little* cites no other criminal statute using the phrase "the same or a different" and Mr. Madden can locate none. Congress's use of the phrase is apparently exceedingly rare, not common.

13

## V.     Section 3561(a)(3) Does Not Provide "An Exception to § 3551's Default Rule."

*Little*'s reliance on § 3551(a) (*Little* Op. at 13–14) is misplaced.  Section 3551(a) provides that "[e]xcept as otherwise specifically provided, a person found guilty of an offense" must be sentenced "in accordance with the provisions of this chapter [chapter 227] so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent they are applicable in light of all the circumstances of the case."  It is undisputed here that Mr. Madden must "be sentenced in accordance with the provisions of" chapter 227 to meet the purposes of sentencing listed in § 3553(a)(2)(A) through (D).  Nothing "otherwise specifically provide[s]" that a defendant sentenced for violating 40 U.S.C. § 5104(d) should be sentenced pursuant to sentencing provisions of some other chapter "so as to achieve" some other purpose.  Section 3561(a)(3) does not provide "otherwise," nor does it void or somehow override the unambiguous prohibition barring a sentence of both imprisonment and probation for "an" (*i.e.*, one single) "offense" in § 3551(b).

The "general/specific canon," Scalia & Garner at 183–184, also does not apply here.  *Little* Op. at 14–15 & n.2.  That canon of construction applies only when there is a conflict between general and specific provisions, Scalia & Garner at 183–184, or "[w]here there is no clear intention otherwise," *Morton v. Mancari*, 417 U.S. 535, 550–51 (1974); *see id.* at 551 ("When there are two acts upon the same subject, the rule is to give effect to both if possible . . . . The intention of the legislature to repeal must be clear and manifest.") (quotation marks and citation omitted).  Here, as discussed above, there is no conflict between §§ 3551(b) and 3561(a)(3) under the

14

correct interpretation and Congress intent to prohibit split sentences is clear and manifest.  *See* FPD Br., ECF No. 33-1 at 5–12.

## VI. *Little* Failed to Consider the Legislative History and Constitutional Concerns.

*Little* failed to consider the legislative history and constitutional concerns, both of which support Mr. Madden's interpretation, for the reasons discussed in the prior pleading.  FPD Br., ECF No. 33-1 at 14–18.

## CONCLUSION

For the reasons discussed above, Mr. Madden requests that the Court reject the government's recommendation and impose a sentence of probation.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Maria N. Jacob
Celia Goetzl
Assistant Federal Public Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500